UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL A. BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-615 |
| | § | |
| K. MAYFIELD, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Baker, a state inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint (Docket No. 1) and More Definite Statement (Docket No. 9) pursuant to 42 U.S.C. § 1983 alleging that Defendants violated Plaintiff's Eighth Amendment rights by failing to protect him from being attacked by another inmate.[1] Before the Court is Defendant Mayfield's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Docket No. 18), to which Plaintiff has filed a response (Docket No. 29).

For the reasons to follow, the Court will deny the present motion for summary judgment and direct further proceedings in this case.

### I. BACKGROUND

Plaintiff is an inmate housed in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). The following facts, viewed in the light most favorable to Plaintiff, are taken from Plaintiff's Complaint and More Definite Statement and form the basis for Plaintiff's claims. Plaintiff alleges that on December 12, 2010, he was removed from the

---

[1] In addition to K. Mayfield, Plaintiff also named "John Doe," subsequently identified as John Henry, as a defendant on this claim. (Docket No. 22.) Defendant Henry has not yet been served.

general population and placed in the TDCJ Holliday Unit as a subject of an Offender Protection Investigation (OPI), based on information provided to prison officials by a confidential informant. On January 3, 2011, Plaintiff was interviewed by the Unit Classification Committee (UCC) chaired by Defendant Mayfield. After finding insufficient evidence that Plaintiff was in danger, the UCC determined that Plaintiff could remain in general population and Plaintiff was returned to his original housing unit. The following day, Plaintiff was attacked by another inmate, John Lewis, who approached Plaintiff from behind and began punching Plaintiff on the left side of his face, knocked him to the ground, and continued to kick and beat him. Plaintiff suffered a bloody nose, severe bruising and swelling on the left side of his face, and a laceration on his scalp. After receiving treatment in the infirmary, Plaintiff was placed in a segregation cell. Later that day, Plaintiff was found unconscious in his cell and was taken to the hospital where he underwent an MRI and received further treatment for his injuries. Plaintiff alleges that in addition to his visible injuries he also suffered facial nerve damage from the attack which has left him permanently disfigured.

Plaintiff filed his original Complaint on February 2, 2012, alleging that prison officials violated his Eighth Amendment rights by acting with deliberate indifference to Plaintiff's safety.[2] As instructed by the Court, Plaintiff also filed a More Definite Statement of his claims. (Docket No. 9.) Following screening, the Court directed service of process upon Defendants Mayfield and Henry at the Office of the Texas Attorney General. The Attorney General's office subsequently informed the Court that Henry is no longer employed by TDCJ, but provided his last known address under seal. (Docket No. 23.) Defendant Mayfield now moves for summary

---

[2] Plaintiff also alleged claims based on denial of adequate medical care in violation of the Eighth Amendment by personnel at the Dalhart Unit in Hartley County, Texas. Those claims were severed and transferred to the Northern District of Texas, Amarillo Division. (Docket No. 5.)

judgment on the ground that Plaintiff failed to exhaust available administrative remedies before filing suit, as required under the Prison Litigation Reform Act.  42 U.S.C. § 1997(e).

## II. STANDARD OF REVIEW

### A.  Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### B. PLRA Exhaustion Requirement

Section 1997(e) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e); *Booth v. Churner*, 532 U.S. 731 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is mandatory. *Booth*, 532 U.S. at 739. Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

"TDCJ has promulgated a detailed, complex, and carefully thought-out program to facilitate the filing of grievances and assure their prompt, dispassionate investigation." *Wright v. Hollingsworth, et al.,* 260 F.3d 357, 358 8 (5th Cir. 2001). Under TDCJ-CID policy, an inmate must first file a Step One grievance within fifteen days of the event at issue. *Id*. Grievances are generally reviewed and addressed within forty days following their submission. *Id*. If the inmate does not receive a timely response or is dissatisfied with the Step One response, he may file a Step Two grievance within fifteen days after the Warden signs the initial response or the deadline for doing so expires. *Id*. A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed at each level and the state's time for responding thereto has expired. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

### III. DISCUSSION

Defendant's summary judgment motion asserts that Plaintiff is barred under the PLRA from pursuing his failure-to-protect claim because he did not properly exhaust that claim through the prison grievance process before filing suit. (Docket No. 18.) Defendant has shown that the only grievances ever submitted by Plaintiff concerning this incident were filed many months later and dealt only with the adequacy of the medical care Plaintiff received. On June 15, 2011, more than six months after the alleged incident, Plaintiff filed a Step One grievance complaining that he had not received proper medical treatment for his injuries and requesting to be seen by a

specialist. (Docket No. 18-1 at 1.) Nowhere in this grievance does Plaintiff mention or even imply that prison officials caused his injuries by failing to protect him. (Id.) After receiving a timely response denying this grievance, Plaintiff filed a Step Two grievance on August 8, 2011. (Docket No. 18-1 at 2.) Plaintiff again failed to mention his failure-to-protect claims and his grievance was denied. (Id.) These records are sufficient to satisfy Defendant's initial burden on summary judgment of showing that there is an absence of evidence that Plaintiff exhausted available administrative remedies regarding his present claims. Thus, the burden rests upon Plaintiff to present admissible evidence showing a genuine issue of fact exists as to whether he exhausted available administrative remedies on his failure-to-protect claims.

### A. Plaintiff's Evidence

In his summary judgment response Plaintiff concedes that he did not file any grievances regarding his failure-to-protect claim; however, Plaintiff asserts that the reason he did not properly grieve this claim is that, despite multiple requests, prison officials refused to provide him with the necessary grievance forms, thereby preventing him from filing a timely grievance. (Docket No. 29.) Plaintiff states that after returning from the hospital on the day of the incident he was placed in a segregation cell in the Holliday Unit where he remained "incapacitated for the following [two] days . . . experiencing severe pain, the inability to eat, and the inability to see from his left eye due to it swelling shut." (Id. at 3.) On January 6, 2011, Plaintiff was transferred to the Byrd Unit Diagnostic Facility for classification, where he remained until January 27, 2012. (Id.) Plaintiff states that while in the Byrd Unit he was locked in his cell for twenty-two and a half hours per day and was "in practice" denied both recreation and law library access. (Id.) According to Plaintiff, "on or about" January 7, 2011, he submitted a typed I-60 Inmate Request Form asking to visit the law library but the request was denied based on

Plaintiff's "transit status." (Docket No. 29 at 4.) Plaintiff states that the reason he wanted to visit the law library was to obtain a grievance form, although he did not state this on the request form. (Id.) Plaintiff further states that January 11, 2011, and again on January 16, 2011, he submitted additional I-60 forms specifically requesting grievance forms but his requests went unanswered. (Id.)

Plaintiff asserts that despite his inability to file timely grievances, he did give prison officials notice of his present claims by other means. Plaintiff states that in his I-60 forms he specifically explained that the reason he was requesting grievance forms was to grieve the prison officials' actions that led to the attack upon him. (Id. at 8.) Plaintiff also states that during a disciplinary hearing on January 8, 2011, he provided "detailed and specific" information about the events leading up to the attack. (Id. at 4.) Finally, Plaintiff states that on or about January 10, 2011, he complained verbally to the Warden about the denial of grievance forms but was told that he would be transferred in a few days and could file a grievance when he arrived at his next unit. (Id.) Despite this advice, Plaintiff states that he did not file a grievance regarding his failure-to-protect claims at his new unit because he was not transferred until January 27, 2011, and by then the time to file an initial grievance had already expired. (Id. at 7.) Plaintiff explains that,

> With the time limit expired, he came to the conviction that administrative remedies were no longer available to him, and that any attempts to submit a grievance would be rejected as untimely and would be a futile effort, as TDCJ grievance policy makes no equitable provision for extending the time to file a grievance for good cause.

(Id.) Thus, Plaintiff states that rather than filing an untimely grievance he "began preparing to file this suit." (Id.)

B. Sufficiency of Plaintiff's Evidence

As an initial matter, the Court notes that the statements of fact in Plaintiff's summary judgment response, based on his own personal knowledge and made under penalty of perjury (Docket No. 29 at 9), are competent evidence to raise a fact issue for summary judgment. *Okoye v. Univ. of Tex. Health Sci. Ctr.*, 245 F.3d 515 (5th Cir. 2001); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 n. 12 (5th Cir. 1988). However, unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence, even when made under penalty of perjury. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998.) Moreover, unauthenticated documents are not competent evidence on summary judgment. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Here, Plaintiff relies upon the unauthenticated I-60 forms attached to his summary judgment response to support his assertion that prison officials ignored his requests for grievance forms. (Docket No. 29-1 at 14-19.) The Fifth Circuit has held that "[m]aterial that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." *Geiserman v. MacDonald,* 893 F.2d 787, 793 (5th Cir. 1990). In his summary judgment response Plaintiff requests an opportunity, in accordance with Rule 56(e)(1) of the Federal Rules of Civil Procedure, to properly support the statements of fact made in his response. (Docket No. 29 at 1.) However, as other courts have noted, "[u]nauthenticated documents are not the kind of evidence described in Rules 56(c) and 56(e), and it is, therefore, not the district court's duty to examine whether and how the evidence might be reduced to acceptable form by the time of trial." *Richardson v. Oldham*, 811 F. Supp. 1186, 1198 (E.D. Tex. 1992) *aff'd,* 12 F.3d 1373 (5th Cir. 1994) (citing *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 191–192 (5th

Cir.1991). Accordingly, the Court will not consider the substance of the I-60 forms in reaching its decision here.[3] However, Plaintiff's statements made under penalty of perjury, that he submitted the requests and that they were ignored, are admissible for present purposes.

The Fifth Circuit has held that an inmate's failure to exhaust administrative remedies may be excused where the grievance procedure was unavailable or prison staff obstructed the inmate's efforts to exhaust the grievance process. *Holloway v. Gunnell,* 685 F.2d 150, 154 (5th Cir. 1982) (citing *Miller v. Stanmore,* 636 F.2d 986, 991 & n. 8 (5th Cir.1981)). The Fifth Circuit has further noted that "[i]f the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner." *Aceves v. Swanson*, 75 F. App'x 295, 296 (5th Cir. 2003).

Here, Plaintiff has presented sufficient evidence, in the form of his statements under penalty of perjury, to create a genuine issue of material fact as to whether administrative grievance remedies were made unavailable to him. Accepting as true Plaintiff's statements that grievance forms were not available to him during the time he was in protective custody and that he repeatedly submitted I-60 requests for grievance forms that went unanswered, a fact-finder could reasonably conclude that Plaintiff did not have any available administrative remedies regarding his failure-to-protect claims. Therefore, Defendant's showing that Plaintiff did not complete TDCJ's two-step administrative grievance process on this claim before filing suit is not grounds for dismissal of this action under 42 U.S.C. § 1997(e).

---

[3] These documents raise substantial questions about their authenticity. For instance, except for the handwritten notations "exact copy of original" and "unanswered," which were apparently made by Plaintiff, the documents are completely typed, despite purportedly being produced just days after the attack when Plaintiff allegedly remained locked down in protective custody. In addition, the documents do not bear any signatures or notations by prison officials indicating that they were ever filed. Despite these apparent shortcomings, Defendant did not challenge the authenticity of these document or otherwise reply to Plaintiff's summary judgment response.

IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Defendant Mayfield's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Docket No. 18) is **DENIED**.

2. The stay entered in this case (Docket No. 27) is lifted and Defendants shall file a motion for summary judgment on the merits of Plaintiff's claims within sixty (60) days of this order.

3. The Clerk's Office shall issue a summons and the U.S. Marshal shall serve process upon **John Henry** at the sealed address provided by the Texas Attorney General's Office (Docket No. 23), while ensuring that address remains strictly confidential. Service shall include copies of Plaintiff's Complaint (Docket No. 1); Plaintiff's More Definite Statement (Docket No. 9); the original Order to Answer (Docket No. 10), this Memorandum Opinion and Order, and the docket sheet in this case.

4. Defendant Henry shall respond to the Complaint within twenty (20) days from the date of service of process. Defendant is advised that the State Attorney General's Office has already appeared on behalf of a party in this suit and that counsel of record is Assistant Attorney General Patrick Todd Pope, P.O. Box 12548, Austin, Texas 78711-2548, (512) 463-2080.

SIGNED at Houston, Texas, this 29th day of September, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE